# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**In re:**

**PARK PLACE PROPERTIES, LLC**  Case No. 19-30186
Chapter 11

    **Debtor.**

**PARK PLACE PROPERTIES, LLC**

    **Plaintiff.**

v.  A.P. No. _____

**QUICK BRIDGE FUNDING, LLC**
**a California corporation,**

    **Defendant.**

### COMPLAINT TO AVOID FRAUDULENT TRANSFER, PREFERENCE AND RECISION OF CONTRACT

The plaintiff, Park Place Properties, by counsel, Joseph W. Caldwell, of Caldwell & Riffee, PLLC, and on behalf of Robert Nistendirk, as Chapter 11 Trustee of Park Place Properties, LLC, states as follows:

*The Parties*

1. The Plaintiff is a Chapter 11 Debtor whose case is pending in the U.S. Bankruptcy Court for the Southern District of West Virginia.

2. Robert Nistendirk has been appointed as Chapter 11 Trustee for the Plaintiff and continues in that role.

3. Defendant, Quick Bridge Funding, LL is a California corporation doing business in the State of West Virginia.

*Jurisdiction and Venue*

4. The U.S. Bankruptcy Court for the Southern District of West Virginia has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b). This proceeding is referred to the Bankruptcy Court pursuant to Local Rule of Civil Procedure 83.13.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises and is related to a Chapter 11 case pending in this District.

6. The statutory predicates for this relief are Sections 544(b) and 548 of the Bankruptcy Code and West Virginia Code, Chapter 40, Article 1A-4 and 5 and West Virginia Common Law.

*Factual Background*

7. In March, 2019, Plaintiff entered into an agreement with Defendant, under which Defendant was to "loan" to Plaintiff monies to be secured by a continuing security interest in and to any and all collateral, including accounts receivable. The original amount of the loan was $60,000 and Plaintiff was to repay $82,200.

8. Upon information and belief, the effective interest rate for the transactions exceeded 30 percent. Further, Defendant was entitled to automatic deductions from Plaintiff's bank account.

### COUNT I

### Avoidance of Fraudulent Transfer Under West Virginia Code

9. The Plaintiff restates the allegations set forth in paragraphs 1 through 8 of this Complaint as if the same were fully set forth herein.

10. Plaintiff made a payment to Defendant under the terms of the unconscionable Agreement until the filing of a Chapter 11 bankruptcy case in April, 2019.

11. Plaintiff did not receive a reasonably equivalent value from Defendant at a tim when Plaintiff was insolvent or rendered insolvent by the transaction.

12. The transfers by Plaintiff are voidable under 11 U.S.C. § 544 and West Virginia Code, Chapter 40, Article 1A-4 and 5.

13. Defendant, Quick Bridge Funding, was the initial transferee of the transfer.

## COUNT II

### Avoidance of Fraudulent Transfer Under 11 U.S.C. § 548

14. The Plaintiff restates the allegations set forth in paragraphs 1 through 13 of this Complaint as if the same were fully set forth herein.

15. The transfer of the accounts receivable for less than the equivalent value occurred at a time when the Debtor was insolvent, or rendered insolvent as a result of the transaction and was left with insufficient assets to pay its debts as they became due.

16. The transfer by the Debtor to Defendant is voidable under 11 U.S.C. § 548.

## COUNT III

### Preference Section 547

17. The Plaintiff restates the allegations set forth in paragraphs 1 through 16 of this Complaint as if the same were fully set forth herein.

18. The transfer of accounts to Defendant was for less than reasonably equivalent value at a time when Debtor was insolvent, or as a result of the transfer to Defendant, was left with insufficient assets to pay its debts as they became due.

19. The transfers by the Debtor to Defendant are voidable under 11 U.S.C. § 548.

## COUNT IV

### Preference under West Virginia Code Section 547

20. The Plaintiff restates the allegations set forth in paragraphs 1 through 19 of this Complaint as if the same were fully set forth herein.

21. On the date set forth and within 90 days of the filing of this case, the Debtor transferred to Defendant a sum of at least $_____.

22. The transfers were made by Debtor to Defendant for or on account of an antecedent debt.

23. The transfers enable Defendant to receive more than Defendant would have received if the Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code and by reason of the foregoing, Defendant is liable to Plaintiff for all monies received within 90 days of the filing of the bankruptcy case.

## COUNT V

### Rescission

24. The Plaintiff restates the allegations set forth in paragraphs 1 through 23 of this Complaint as if the same were fully set forth herein.

25. The Agreement between the parties should be rescinded as of the date not later than March 21, 2019, for the reason that receipt of less than reasonably equivalent value for the "loan" based upon a lien on accounts receivable, occurred during a time when the Debtor was insolvent, and the transaction disadvantaged all other creditors.

26. Under applicable West Virginia law, a contract is unenforceable if it is so grossly unreasonable or unconscionable in light of the mores in business practices as of the time and place when executed.

27. To the extent that the Debtor made payments to Defendant in excess of a reasonable rate of interest, the amount of such "excess interest" payments should be determined to be fictitious profits recharacterized as principal repayments so that the net claim, if any, of Defendant is reduced. Further, the transaction with Defendant equated to inequitable conduct which in effect gave Defendant "control" of the Debtor and such misconduct, which resulted in injury to creditors of the Debtor, should give rise to an equitable subordination of any claim of Defendant.

28. Further, under Section 510 of the Bankruptcy Code, when a claim that is subordinated and that is secured by a lien, is transferred to the Debtor's estate under Section 541.

WHEREFORE, Plaintiff prays that the transfers made by the Debtor to Defendant be declared null and void; that the transfers be deemed to be a preference; that the transfers be deemed to be a fraudulent transfer; and that the Court subordinate any restated claim of Defendant; and for such other and further relief as the Court deems appropriate.

PARK PLACE PROPERTIES

By Counsel

Presented by:

/s/ Joseph W. Caldwell
Joseph W. Caldwell, Esquire
WV Bar No. 0586
CALDWELL & RIFFEE, PLLC
P.O. Box 4427
Charleston, WV 25364
Telephone: (304) 925-2100
joecaldwell@frontier.com
*Counsel For Debtor/Plaintiff*